# IN THE COURT OF APPEALS OF IOWA

No. 16-1390
Filed November 8, 2017

**LONTREZ TREMONTE NABORS,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

 Appeal from the Iowa District Court for Scott County, Paul L. Macek, Judge.

 Lontrez Nabors appeals the dismissal of his two applications for postconviction relief. **AFFIRMED.**

 Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

 Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant Attorney General, for appellee State.

 Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Lontrez Nabors appeals the dismissal of two applications for postconviction relief (PCR). He contends summary dismissal was inappropriate because he seeks a remedy allowed by Iowa Code section 822.2 (2016) and a genuine issue of material fact exists as to whether his work release was properly revoked.

In 2005, Nabors was convicted of criminal sexual abuse in Illinois. As a result of this conviction, he was required to register with the Illinois sex offender registry. In August 2013, after moving to Iowa, Nabors also registered with Iowa's registry. Shortly thereafter, the Iowa Department of Public Safety (DPS) notified Nabors he was not required to register in Iowa because his Illinois conviction "does not correlate to an offense requiring registration in Iowa." In 2014, Nabors pled guilty in Iowa to charges of possession of marijuana, failure to affix a drug tax stamp, and second-degree theft. He was ordered to serve prison terms not exceeding five years on the latter two charges, to be served concurrently.

According to Nabors, he was subsequently granted "full parole." In a letter dated October 14, 2015, DPS advised Nabors that "[i]t was requested [his] case be reviewed again due to [his] upcoming release from incarceration." Upon its review of additional information provided by Illinois law enforcement authorities, DPS concluded Nabors was required to register with Iowa's registry. Shortly thereafter, according to Nabors, a "parole agent" conducted a "house check" on the residence where Nabors proposed he would reside upon the commencement of his parole. Because two children lived in the residence, it was denied as a

suitable residence for Nabors to reside in upon his release. After Nabors "couldn't come up with another residence," he was granted work release, which commenced in January 2016. In February, in response to Nabors's application for determination, *see* Iowa Code § 692A.116, DPS advised him he was not required to register on Iowa's registry. According to Nabors, he requested his work-release counselor to recommend him for parole at this time, but she declined. Nabors's work-release status was subsequently revoked for a violation of his work-release agreement, and he returned to prison to serve the balance of his concurrent sentences.

In April 2016, Nabors filed two PCR applications. He alleged in both applications that his "probation, parole, or conditional release has been unlawfully revoked." In its answers, the State requested dismissal, arguing the district court lacked jurisdiction to consider the matter. Following an unreported hearing, the district court, in a thorough and well-reasoned ruling, concluded, because Nabors's "parole never commenced, it could not have been revoked— lawfully or unlawfully," and the court therefore lacked authority to provide relief under Iowa Code chapter 822. The court reasoned, because the specifications of Nabors's parole were never finalized and Nabors never signed a parole agreement, he was never officially on parole. *See* Iowa Code § 906.3 ("The board of parole shall adopt rules regarding a system of paroles . . . and shall direct, control, and supervise the administration of the system of paroles."); Iowa Admin. Code r. 205-10.3 ("The parole . . . shall not commence until the inmate has signed the agreement."). The court noted, if Nabors desires to challenge the

parole board's rules and determinations, then he is required to do so under Iowa Code chapter 17A, not Iowa Code chapter 822.

Based on our review, we conclude no genuine issue of material fact exists regarding whether Nabors's work release was properly revoked, as he conceded in his PCR materials to the district court that he violated a condition of his work release. We also agree with the district court that, pursuant to the statutorily-authorized rules of the board of parole, Nabors's parole never commenced and therefore could not have been "revoked" for purposes of Iowa Code section 822.2(e). *See* Iowa Admin. Code r. 205-10.3; *see also id.* rs. 205-11.1–.12 (describing parole revocation procedures). We affirm the district court's dismissal of Nabors's PCR applications without further opinion pursuant to Iowa Court Rule 21.26(1)(d).

**AFFIRMED.**